UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRUZ ANIBAL NICANOR ESCOBAR COBON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondents. | No. 1:26-cv-06239-DJC-CSK<br><br><u>RELEASE ORDER</u><br><br>A# 248-003-235 |

Petitioner Andruz Anibal Nicanor Escobar Cobon is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). The Court has previously addressed the legal issues raised in Count 3 of the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 5.) Neither party objected to the Court ruling directly on the merits of the petition. In

light of the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026), Respondents have conceded that binding precedent establishes a statutory right to a bond hearing. (ECF No. 6.) But the lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights and justifies release.

Accordingly, for the reasons stated in the Court's prior decisions, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 3, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Andruz Anibal Nicanor Escobar Cobon from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Respondents shall file a status report within five (5) days confirming Petitioner's release.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 14, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE